**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 14-4379

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

THADDAEUS SNOW, a/k/a Storm,

    Defendant - Appellant.

No. 14-4387

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

WILLIAM SYKES, a/k/a Black,

    Defendant - Appellant.

Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria. Leonie M. Brinkema, District Judge. (1:13-cr-00350-LMB-1; 1:13-cr-00350-LMB-3)

Submitted: November 25, 2014   Decided: January 2, 2015

Before DUNCAN, FLOYD, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Arif, ARIF & ASSOCIATES, PC, Fairfax, Virginia; Alan H. Yamamoto, LAW OFFICES OF ALAN H. YAMAMOTO, Alexandria, Virginia, for Appellants. Dana J. Boente, United States Attorney, Dennis M. Fitzpatrick, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Thaddaeus Snow and William Sykes (collectively, "Appellants") of various crimes relating to their activities in connection with a street gang known as the Nine Treys. Appellants raise several challenges to their convictions. We affirm.

Snow raises four procedural challenges to his convictions. First, Snow claims that the district court erred by failing to order a mistrial after several Government witnesses allegedly violated its sequestration order. Sequestration orders enforce Fed. R. Evid. 615, which "requires that witnesses not discuss the case among themselves or anyone else, other than the counsel for the parties." United States v. Rhynes, 218 F.3d 310, 317 (4th Cir. 2000) (en banc) (plurality op.) (emphasis and internal quotation marks omitted). "[A] trial court may employ one of three remedies when a sequestration order has been violated: sanction of the witness; instructions to the jury that they may consider the violation toward the issue of credibility; or exclusion of the witness' testimony." United States v. Cropp, 127 F.3d 354, 363 (4th Cir. 1997); see United States v. Smith, 441 F.3d 254, 263 (4th Cir. 2006) (same). Because Snow did not raise this issue below, this court reviews the district court's decision for plain error. United States v. Olano, 507 U.S. 725, 732-37 (1993). Although

there is evidence that several witnesses had the opportunity to violate the sequestration order, Snow presents no evidence that any violations actually occurred other than two statements by witnesses on cross-examination. These statements do not plainly indicate that any witnesses discussed the case after the district court issued its sequestration order or that any violations that may have occurred were sufficiently severe to require mistrial. Accordingly, we find that the district court did not plainly err in declining to order a mistrial sua sponte.

Snow also argues that the district court erred by allowing the jurors to access unredacted transcripts that contained references to the fact that Snow had been previously incarcerated on a misdemeanor charge. The Government asserts that any error was harmless. We review evidentiary rulings for an abuse of discretion. United States v. Lighty, 616 F.3d 321, 351 (4th Cir. 2010). Any errors in such rulings are harmless if we may "say with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error." United States v. Johnson, 617 F.3d 286, 292 (4th Cir. 2010) (internal quotation marks omitted). The Government bears the burden of showing that such errors are harmless. United States v. Robinson, 460 F.3d 550, 557 (4th Cir. 2006). The evidence presented at trial included extensive evidence that Snow was

4

involved in a wide variety of criminal activity in his role as leader of the Nine Treys. Against this background, the fact that Snow had been incarcerated previously on a misdemeanor charge could not have influenced the jury's decision. Accordingly, we find that any error in allowing the jury to access the unredacted transcripts was harmless.

Snow next argues that the jurors improperly discussed the case with each other prior to the close of evidence. We review a district court's response to such internal communications for abuse of discretion. See Robinson v. Polk, 438 F.3d 350, 363 (4th Cir. 2006); United States v. Gravely, 840 F.2d 1156, 1159 (4th Cir. 1988). Having reviewed the record, we find that the district court properly addressed this issue at trial and therefore did not abuse its discretion by declining to order a new trial on this basis.

Finally, Snow argues that the district court's supplemental jury instruction on constructive possession was erroneous because the examples given by the district court misleadingly implied that the fact of his leadership position was all that was required to find that he constructively possessed the property of his subordinates. We "review de novo a claim that a jury instruction did not correctly state the applicable law." United States v. Washington, 743 F.3d 938, 941 (4th Cir. 2014). The key issue in such review is "whether,

taken as a whole, the instruction fairly states the controlling law." United States v. Cobb, 905 F.2d 784, 788-89 (4th Cir. 1990). We conclude that any misimpressions that may have been created by the district court's examples were rectified by the court's express statement that constructive possession requires "both the power and the intention at a given time to exercise dominion and control over" the object in question. See United States v. Scott, 424 F.3d 431, 433 (4th Cir. 2005) (stating same standard). Accordingly, we find that the court's supplemental jury instruction, taken as a whole, fairly stated the controlling law.

Both Snow and Sykes argue that the evidence was insufficient to support certain of their convictions. We review de novo the district court's denial of a Fed. R. Crim. P. 29 motion. United States v. McFadden, 753 F.3d 432, 444 (4th Cir. 2014), pet. for cert. filed, 83 U.S.L.W. 3252 (U.S. Oct. 2, 2014) (Nos. 14-378, 14A199). We will sustain the jury's verdict "if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942); see McFadden, 753 F.3d at 444 (defining substantial evidence). Because we resolve all conflicting evidence in favor of the Government, the uncorroborated testimony of a single witness, even if the witness is an accomplice, a codefendant, or an informant, may be

sufficient evidence of guilt.  United States v. Wilson, 115 F.3d 1185, 1189-90 (4th Cir. 1997).

Snow challenges his convictions for possessing a firearm in furtherance of a crime of violence and possessing a firearm in furtherance of a drug trafficking crime, both in violation of 18 U.S.C. § 924(c)(1)(A) (2012).  The Government can prove the possession element of this offense by establishing that Snow "exercised, or had the power to exercise, dominion and control over" the firearm.  United States v. Wilson, 484 F.3d 267, 282 (4th Cir. 2007) (internal quotation marks omitted). Additionally, a defendant is liable for his coconspirators' reasonably foreseeable possession of firearms in furtherance of the conspiracy.  United States v. Min, 704 F.3d 314, 324 n.9 (4th Cir. 2013); see Pinkerton v. United States, 328 U.S. 640, 646-48 (1946) (stating standard for coconspirator liability). Having reviewed the record, we find sufficient evidence to support Snow's convictions under § 924(c)(1)(A).

Sykes challenges his conviction for conspiracy to distribute 280 grams or more of cocaine base, in violation of 21 U.S.C. § 846 (2012).  Sykes does not challenge the evidence that the Nine Treys trafficked in such quantities of cocaine base, but argues that these drugs are not attributable to him.  In determining the applicable statutory range "in a § 846 drug conspiracy prosecution, the jury must determine that the

threshold drug quantity was reasonably foreseeable to the defendant." United States v. Jeffers, 570 F.3d 557, 569 (4th Cir. 2009) (emphasis omitted). The record includes sufficient evidence that Sykes could reasonably have foreseen that the Nine Treys trafficked in 280 grams or more of cocaine base.

    Accordingly, we affirm the judgments of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED